NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO JAVIER JIMENEZ GARCIA, | No. 20-70506 |
| Petitioner, | Agency No. A205-536-679 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an
Immigration Judge's Decision

Submitted February 1, 2021[**]
Pasadena, California

Before: GOULD, OWENS, and VANDYKE, Circuit Judges.

Francisco Javier Jimenez Garcia (Petitioner) seeks review of the Immigration

Judge's (IJ) decision concurring with the Department of Homeland Security (DHS)

asylum officer's conclusion that Petitioner failed to demonstrate a reasonable fear of

persecution in Mexico. We have jurisdiction to review the IJ's decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252(a)(1) and we deny the petition.

We review the IJ's reasonable fear factual findings for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). Under that standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009) (citation omitted). Petitioners subject to a reinstated removal order may seek either withholding of removal or protection under the Convention Against Torture (CAT). *Andrade-Garcia,* 828 F.3d at 832.[1] To qualify for such relief, the petitioner must demonstrate in a reasonable fear interview a "reasonable possibility that he … would be persecuted on account of his … race, religion, nationality, membership in a particular social group or political opinion." 8 C.F.R. § 208.31(c).

Substantial evidence supports the IJ's determination that Petitioner failed to demonstrate the requisite nexus between the alleged persecution and a protected

---

[1] While Petitioner references before this court the asylum officer's determination that he did not have a reasonable fear of torture, Petitioner's brief does not challenge this conclusion with any analysis other than stating, in passing, that the incidents he detailed as persecution were also torture. This is insufficient to raise a CAT claim and the issue is therefore forfeited. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). Even if Petitioner had properly preserved this claim, the record does not compel the conclusion the IJ erred as Petitioner does not demonstrate any "*particularized threat* of torture" or that he "would face any particular threat of torture beyond that of which all citizens of [Mexico] are at risk." *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (citation omitted).

ground. In Petitioner's reasonable fear interview with the DHS asylum officer,[2] Petitioner answered "no" when asked if he had "any problems in Mexico because of [his] political opinion," his "religion," "race, ethnicity, or nationality," or "because [he was] part of a group … that people in Mexico see as different." In testifying before both the DHS asylum officer and the IJ, Petitioner expressed fear of Mexican cartels, affirmed that he was "robbed multiple times by gang members and the police," and was once kidnapped from his father's business along with three others by unknown assailants, told he would be killed if no one paid his ransom, and was later found and released by the Mexican police. Petitioner argues before this court that, although he previously testified that he believed his attackers targeted him because they "just wanted money," these experiences constituted past persecution motivated by his family ties to his father as owner of a business.[3]

The evidence does not a compel a conclusion contrary to the IJ's determination that although Petitioner was "the victim of some criminal actions

---

[2] It was not legal error for the IJ to consider the DHS officer's notes because the IJ reviews de novo "all of the previously produced evidence" in conjunction with "additional testimony from" the petitioner. *Bartolome v. Sessions*, 904 F.3d 803, 812 (9th Cir. 2018).

[3] Petitioner also argues the IJ "reject[ed] the fact that Petitioner was persecuted based on his family ties," and argues the cartel threatened to kill him if they could not "obtain money from his family." These statements are not reflected anywhere in the record. Because Petitioner did not credibly raise his family ties as a particular social group before the IJ, we lack jurisdiction to address this unexhausted claim. 8 U.S.C. § 1252(d)(1); *see Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

… there is insufficient evidence to indicate that [he] would suffer any harm on account of" any protected ground. Petitioner stated the kidnappers specifically targeted him and the three other individuals captured solely for money, denied knowing whether the kidnappers knew anything about him, and stated that the other robberies he experienced also affected "everyone" else "[o]n the bus." This evidence supports the IJ's conclusion that "the problems that [Petitioner] suffered in the past [were] … related to either a desire for money or possessions," and do not demonstrate a nexus to a protected ground. *See Ochave v. INS*, 254 F.3d 859, 866 (9th Cir. 2001) ("When we consider the record as a whole, there is evidence that the attack was *not* … motivated" by a protected ground). A petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019); *Bartolome*, 904 F.3d at 814. Substantial evidence therefore supports the IJ's concurrence in the DHS officer's determination that Petitioner lacked a reasonable fear of persecution.[4]

    **PETITION DENIED**.

---

[4] Because we deny the petition for review, we also deny as moot Petitioner's motion for stay of removal (ECF No.1).